[No. 17344. Department Two. December 6, 1922.]

M. E. BARHAM, *as Receiver of Norway Pacific Con-struction & Drydock Company, Appellant,* v. C. L. VICKERS *et al., Respondents.*[1]

SALES (43)—MODIFICATION—MERGER IN SUBSEQUENT CONTRACT. A contract to purchase a planer for $8,000 is not merged or superseded, except as stipulated, or the buyer's obligation to purchase avoided, but is merely modified, where, after delay in delivery owing to doubts raised by the war, the parties made a supplemental agreement whereby the seller, in consideration of $1,000, agreed to ship the machine, title to be vested through conditional sales contract, nothing further being said about the price and agreement to pay.

SAME (68, 76)—DELIVERY—TENDER BY SELLER—EFFECT OF DELAY. In a buyer's action against the manufacturer to recover $3,000 paid on the purchase price of an $8,000 machine, which was breached by failure to deliver, it is no defense that the time of delivery was not of the essence of the contract, where defendant was unable to make delivery for some time subsequent to the time fixed, and never attempted to make any delivery or tender.

Cross-appeals from a judgment of the superior court for King county, Ronald, J., entered March 8, 1922,

[1]Reported in 210 Pac. 803.

upon findings favorable to plaintiff, but denying full recovery, in an action on contract, tried to the court. Reversed on plaintiff's appeal.

*Gates & Helsell,* for appellant.

*S. H. Kelleran,* for respondents and cross-appellant.

Tolman, J.—The plaintiff by this action sought to recover $3,000. Judgment was entered by the trial court in his favor for $1,000. He appeals from that part of the judgment denying him a full recovery, and the defendant appeals from the judgment for $1,000 rendered against him.

The facts are not greatly in dispute. The Norway Pacific Construction & Drydock Company, in October, 1918, by a written order, placed with the defendant, agreed to purchase a certain described angle planer for $8,000, f. o. b. Pittsburg, Pennsylvania, payable $2,000 cash with order, the balance to be paid on sight draft with the bill of lading attached, shipment to be made within sixty days. By mutual agreement, the time for delivery was extended to March 15, 1919, but no delivery was made within that time, or at all. There is a disagreement as to just why delivery was not made before July 1, 1919. Plaintiff claims that defendant did not make delivery because of the fear that the Norway Company was financially unable to take up the draft, and defendant claims that the Norway Company, because of the close of the war, and the cancellation of its contract with the government to build ships, not only had no use for the planer, but was financially unable to pay for it, and sought to delay shipment notwithstanding defendant was at all times urging it to accept delivery and comply with its contract. However that may be, on July 1, 1919, the parties reached an agreement which was embodied in a supplemental contract which reads:

"Seattle, Wash., July 1, 1919.
"Messrs. Norway Pacific Construction & Drydock Co.,
    711 White Building, Seattle.

"Gentlemen: In consideration of the sum of One
Thousand ($1,000) Dollars to us paid today, we hereby
agree to ship on or before the 16th day of July, 1919,
one Thomas Spacing Machine Angle Planer and fix-
tures, as covered by your order to us of October 18th,
1918, under the following conditions:

"You are to give us five Trade Acceptances, each
bearing six per cent interest from date, said accept-
ances to mature every thirty days from July 16, 1919.
The title of the said Planer to be vested in the Thomas
Spacing Machine Co. through conditional sales con-
tract.

"Insurance for the amount due to be carried on the
said machine to the Thomas Spacing Machine Co. as
their interest may appear. Yours truly,
                    "VICKERS, SON & CO.,
                        "By C. S. Vickers."

The thousand dollars therein specified was paid,
notes were given and accepted in lieu of the trade
acceptances mentioned, but shipment was not made by
July 16. Learning of the non-shipment, an officer of
the Norway Company by telephone claims to have
cancelled the order. A few days thereafter, and on
July 28, a telegram cancelling the order was sent to
and received by defendant.

Plaintiff's action is based upon the contention that
the defendant breached his contract by the failure to
ship on or before July 16, and hence must return the
$3,000 paid on account of the purchase price; while the
defendant claims that the contract of July 1, wholly
superseded the original contract; that time of delivery
was not of the essence of the contract, and therefore
there was no breach; but, if there was a breach, the
recovery was limited to the $1,000 paid under the last
contract. The judgment appealed from seems to coun-
tenance the last mentioned view.

As to the contention that the later contract superseded the former, defendant seems to rely upon *Parker v. Advance Thresher Co.*, 75 Wash. 505, 135 Pac. 229, and other like cases. It may not be doubted that parties competent to contract may, by a later contract, wholly supersede a former one; but the facts do not warrant the conclusion that there was any intention or attempt to do so in this case. The contract of July 1 does not attempt to bind the Norway Company to purchase, but expressly refers to the original contract by which the Norway Company was so bound; nor does it in any manner cancel or supersede the original in any part, except only by the modification of certain of its terms as to payment and delivery. The price of the machine was still $8,000, of which $2,000 was paid at the time of making the original contract, and the supplemental agreement only absolves plaintiff from the duty of paying the remainder in cash on delivery, and substitutes deferred maturities, as well as a deferred time of shipment. We therefore hold that the contract of July 1 was supplemental only.

There being an entire failure to deliver, it is considered unnecessary to go deeply into the question of whether or not the time of delivery was of the essence of the supplemental contract. Had the machine been shipped or tendered a few days, or even a few weeks, subsequent to July 16, that question might be important. But here it is shown that, by reason of a disagreement between the defendant and the manufacturer of the machine, the defendant was, on July 16, and at least for a time subsequent thereto, wholly unable to make delivery, and never, even to the date of trial, made or attempted to make any delivery or tender whatsoever. Hence it is immaterial whether or not the time of delivery was of the essence of the contract.

Defendant cannot now claim that, because of conditions existing prior to July 1, which might then have enabled him to put the Norway Company in default, he may now claim a forfeiture which he did not then claim. Having received $3,000 from the Norway Company for which he has never delivered, or tendered delivery of, any consideration, his liability for that amount follows as a logical and legal sequence.

The judgment must, on plaintiff's appeal, be increased by the sum of $2,000, with interest thereon at the legal rate from July 16, 1919, the time fixed by the parties for delivery.

It is so ordered.

PARKER, C. J., FULLERTON, MAIN, and HOVEY, JJ., concur.